JOSIAH BENNETT *versus* EZEKIEL TREAT, JR.

The words "duly sworn," or "sworn according to law," when applied to any officer who is required to take and subscribe the oath prescribed in the constitution, are to be construed to mean, that he has taken the oath as required; and when applied to any other person, that such person has taken an oath faithfully and impartially to perform the duties assigned to him in the case specified.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

This was an action of debt by a collector of taxes for the town of Canton, against the defendant, under the R. S., c. 14, § 75. Plea, general issue. The verdict was for the plaintiff. Several exceptions to the rulings of the presiding Judge were taken by the defendant, but the only one relied on is stated in the opinion of the Court.

*C. Andrews*, for plaintiff.

The defendant objects that the assessors were not legally sworn, and offered to prove that they were sworn by the form prescribed by statute of 1821. The testimony was rejected, and properly, because the record of the town shows that they were "duly sworn," which is a compliance with R. S., c. 5, § 9. Also see c. 1, division 21. And even *presuming* that they were sworn by the form in stat. 1821, it is amply sufficient. Therefore, whether the testimony was or not properly excluded, it cannot affect the case.

*Shepley & Dana*, for defendant.

There is no proof that either the assessors or the collector were properly sworn.

Section 9 of c. 5, of R. S. provides that the officers therein named, among which are assessors and collector, "shall be duly sworn." The record of the meeting seems to follow the language of the statute, in regard to the oath, simply stating that these officers were "duly sworn."

The provision of the statute means something. There must be some kind of an oath. By the statute of 1821, c. 114, § 1, the mode and time of administration of the oath is prescrib-

ed.   The corresponding section of R. S., (c. 9, § 5,) uses simply the language above quoted.

An oath being necessary, it is quite possible an informal and insufficient one should be taken.   The word " duly" is no description, and affords no clue to the settlement of the question of sufficiency.   The *oath* should have been spread upon the record.   *Abbott* v. *Hermon,* 7 Maine, 118.

The like words are made use of in R. S., c. 133, § 17, and it is settled in *Brighton* v. *Walker,* 35 Maine, 132, that the mere repetition of the phrase " duly sworn" is not enough. The language should be given, that the Court may judge whether or not the oath was duly administered.

The necessity of such a rule applies with much more force in cases like the present, than where the certificate is by a sworn magistrate who is presumed to know the law, and the nature of the oath he is to administer.

RICE, J.—This case, which has been continued upon the docket for many years, for argument, has very recently come into the hands of the Court.   There were many papers and documents introduced at the trial, under objection, none of which, however, have come into our hands, and they do not seem to be relied upon by the excepting party.

The only point taken at the trial, and urged in argument by the counsel for the defendant, is, that the assessors, by whom the tax against the defendant was assessed, were not legally sworn.   This objection is based upon the statement of counsel that the record of the town only recites that the assessors were " duly sworn," which it is contended is insufficient; and that the oath administered should have been set out at length, to the end that the Court might determine whether it were sufficient or otherwise.

The R. S., c. 5, § 9, provides that assessors shall be " duly sworn."

Chapter 1, § 3, rule 21, provides that whenever the expression " duly sworn," or " sworn according to law," is used or applied to any officer, who is required to take and subscribe

the oath prescribed in the constitution, it shall be construed to mean, that such officer had taken and subscribed the same, as well as made oath faithfully and impartially to perform the duties of the office to which he had been elected or appointed; and when applied to any person, other than such officer, it shall be construed to mean that such person had taken an oath faithfully and impartially to perform the duties assigned to him in the case specified.

There does not seem to be any valid reason for this objection. The other exceptions taken at the trial appear to have been abandoned at the argument.

*Exceptions overruled and judgment on the verdict.*

TENNEY, C. J., and HATHAWAY, CUTTING, and GOODENOW, J. J., concurred.